IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.   Case Nos.:   4:97cr35/RH/GRJ
                   4:14cv305/RH/GRJ

HAROLD KENNETH HERRING

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and supporting memorandum of law. (Docs. 93, 94). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, the Court concludes that it does not have jurisdiction to entertain Defendant's motion and, therefore, the motion should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant pleaded guilty to controlled substance and firearm charges and was sentenced to a term of life imprisonment in January of 1998. (Docs. 31, 38.) He filed a pleading titled "Petitioner's Jurisdictional Question in Reference to his Jurisdictionally Defective Indictment and the District Court's Lack of Jurisdiction to Enhance the Petitioner's Sentence" (Doc. 49), which the court construed as a motion pursuant to 28 U.S.C. § 2255 and denied in October of 2001. (*See* Docs. 52, 56.) The Eleventh Circuit affirmed the denial of Defendant's § 2255 motion. (Doc. 68.) In 2003, Defendant filed

a request for relief from the judgment, complaining that the prior motion had been erroneously characterized as a motion pursuant to 28 U.S.C. § 2255. (Doc. 70.)  The Court also denied this motion over Defendant's objection, noting in its judgment that Defendant's motion was "in substance a successive motion under 28 U.S.C. § 2255." (Docs. 71, 73, 74, 75.)  The Eleventh Circuit declined to issue a certificate of appealability and Defendant's appeal was dismissed. (Doc. 86.)  In 2008 Defendant moved unsuccessfully pursuant to 18 U.S.C. § 3582 to reduce his sentence under Amendment 706, the crack guidelines amendment. (Docs. 90, 92.)  Nothing further was filed until Defendant filed the instant motion to vacate.

This court does not have jurisdiction to entertain Defendant's motion.   Before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 Fed. App'x 409 (11th Cir. 2010).  Defendant's successive motion falls within the larger subset of cases for which such authorization is required, as he is challenging the same judgment he challenged in his initial motion. This authorization is required even when, as here, a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h)(2).  Defendant has not obtained authorization from the Eleventh Circuit Court

of Appeals to file a successive motion and, therefore, the instant motion to vacate must be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 93), should be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

Case Nos.: 4:97cr35/RH/GRJ; 4:14cv305/RH/GRJ

2.  A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 19th day of June 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).