IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASES NO. 4:97cr35-RH/GRJ
   4:14cv305-RH/GRJ

HAROLD KENNETH HERRING,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

In 1997 the defendant Harold Kenneth Herring pleaded guilty to possessing crack cocaine with the intent to distribute it (and another offense). Because Mr. Herring had two or more prior convictions for a "felony drug offense," and based on the amount of crack involved in the offense, the mandatory sentence was life in prison. *See* 21 U.S.C. § 841(b)(1)(A).

Mr. Herring challenges the sentence under 28 U.S.C. § 2255, asserting, in effect, that based on more recent decisions, the prior convictions on which the mandatory life sentence was based should not have been used to enhance his sentence. The motion is before the court on the magistrate judge's report and

recommendation, ECF No. 95, and the objections, ECF No. 96.  I have reviewed *de novo* the issues raised by the objections.

This order accepts the report and recommendation and denies the § 2255 motion.

Mr. Herring's challenge to his sentence is plainly wrong on the merits.  Mr. Herring had prior convictions in Florida state court for possessing a controlled substance (presentence report ¶ 36), possessing cocaine (presentence report ¶ 38), and conspiring to traffic in cocaine (presentence report ¶ 39).  All were felonies.  Each was properly counted as a "felony drug offense" under § 841(b)(1)(A).

To be sure, other federal provisions—not including § 841(b)(1)(A)—apply only to prior convictions for drug *trafficking* offenses or are limited in other respects.  Examples include certain guideline provisions and the Armed Career Criminal Act.  Recent decisions have affected provisions of this kind, and in some respects the law has changed.  But § 841(b)(1)(A) applies to any "felony drug offense," not just to offenses that involve trafficking or meet other specific criteria.  Mr. Herring's contrary contention is wrong.

In any event, as the report and recommendation correctly notes, this is a second or successive § 2255 motion that cannot go forward without prior authorization from the United States Court of Appeals for the Eleventh Circuit.

The Eleventh Circuit so held in connection with Mr. Herring's last challenge to his sentence, back in 2003.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Mr. Herring has not made the required showing. This order thus denies a certificate of appealability. Because Mr. Herring has not obtained—and is not entitled to—a certificate of appealability, any appeal will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that Mr. Herring is not otherwise entitled to proceed *in forma pauperis* on appeal. Accordingly,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant Harold Kenneth Herring's motion for relief under 28 U.S.C. § 2255 is DENIED."

2. A certificate of appealability is DENIED.

3. Leave to proceed on appeal *in forma pauperis* is DENIED.

SO ORDERED on September 18, 2014.

                                            s/Robert L. Hinkle
                                            United States District Judge